

**LARRY WARNER**

**Member of the Bar of the Supreme Court**
**of the United States (1984)**
**Board Certified, Texas Board of**
**Legal Specialization (1983)**
**Attorney at Law**
**3109 Banyan Circle**
**Harlingen, Texas  78550**
Phone (956) 230-0361 Fax (866) 408-1968
E-MAIL: office@larrywarner.com

RECEIVED
COURT OF CRIMINAL APPEALS
9/1/2015
ABEL ACOSTA, CLERK

August 17, 2015

**VIA CERTIFIED MAIL: 9402-8118-9956-2008-0481-70**
Sean K. Proctor, ADA
1201 Huey Rd., Suite 2100
Belton, Texas 76513

Re:    Cause No. 64,862-A; *Jorge Mendoza Jr.*
       In the 264th Judicial District Court of Bell County, Texas

Dear Mr. Proctor:

Enclosed you will find the following documents:

1.    Answers to District Court's Inquiries with Verification
2.    Motion to Reopen the Evidence on Special Hearing and to Consider
      Verified Answers to Questions Posed by the Court to Counsel
3.    Motion for Hearing
4.    Order Granting Motion to Reopen the Evidence on Special Hearing and
      to Consider Verified Answers to Questions Posed by the Court to
      Counsel

These documents were mailed to Bell County to be filed and presented to the judge for signature

BOARD CERTIFIED CRIMINAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION (1983); MEMBER, CRIMINAL LAW COMMISSION TEXAS BOARD OF LEGAL SPECIALIZATION (1988-91); MEMBER, HOUSE OF REPRESENTATIVES OF TEXAS (70TH & 71ST LEGISLATURES); MEMBER, CRIMINAL JURISPRUDENCE COMMITTEE, HOUSE OF REPRESENTATIVES OF TEXAS (70TH & 71ST LEGISLATURES); FELLOW, COLLEGE OF THE STATE BAR OF TEXAS; MEMBER, ADMINISTRATION OF RULES OF EVIDENCE COMMITTEE, STATE BAR OF TEXAS (1998-2001) (2001-2007)

1

If you have any questions, please email or contact me. Thank you for your time in this matter.

Sincerely,

*Maria V. Rodriguez*

Maria V. Rodriguez
Legal Assistant to
Larry Warner
Attorney at Law

U.S. Postal Service **Certified Mail Receipt**

ARTICLE NUMBER:  9402 8118 9956 2008 0481 70

ARTICLE ADDRESSED TO:

Sean K. Proctor, ADA
1201 Huey Dr Suite 2100
Belton TX 76513-4503

FEES
Postage Per Piece          $7.25
Certified Fee               3.45
Total Postage & Fees:      10.70          **Postmark**
                                          **Here**

BOARD CERTIFIED CRIMINAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION (1983); MEMBER, CRIMINAL LAW COMMISSION TEXAS BOARD OF LEGAL SPECIALIZATION (1988-91); MEMBER, HOUSE OF REPRESENTATIVES OF TEXAS (70TH & 71ST LEGISLATURES); MEMBER, CRIMINAL JURISPRUDENCE COMMITTEE, HOUSE OF REPRESENTATIVES OF TEXAS (70TH & 71ST LEGISLATURES); FELLOW, COLLEGE OF THE STATE BAR OF TEXAS; MEMBER, ADMINISTRATION OF RULES OF EVIDENCE COMMITTEE, STATE BAR OF TEXAS (1998-2001) (2001-2007)

No. 64,862-A

| | | |
|---|---|---|
| EXPARTE | § | IN THE 264TH JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JORGE MENDOZA, JR. | § | BELL COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWERS TO DISTRICT COURT'S INQUIRIES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

My name is Larry Warner.

I was Board Certified in Criminal Law by the Board of Legal Specialization of the State Bar of Texas in 1983. I am Board Certified in Criminal Law by the Board of Legal Specialization of the State Bar of Texas.

I am an attorney licensed to practice law in Texas. I was admitted to practice before the Supreme Court of Texas in 1973. I became a member of the bar of the Supreme Court of the United States in 1983. I am admitted to practice before every United States Court of Appeals, save the two which require one to have a physical office within the District, the First and the Second Circuits, and another in which I have not yet had a brief. As defense counsel, I have gotten a new trial for more than one litigant sentenced to death. As a prosecutor, I have been responsible for prosecuting a capital murder case. I was one of the lawyers in a treaty dispute before the International Court of Justice at the Hague involving the International Convention on Consular Relations in which fifty-four persons had been sentenced to death. The Court ordered that my client and others have their sentences commuted or receive new trials. I am Capital Appellate Counsel for the Fifth Judicial Administrative Region of Texas.

I served three years as a Member of the Criminal Law Commission of the Texas Board of Legal Specialization of the State Bar of Texas. I served nine years as a Member of the Committee on the Rules of Evidence of the State Bar of Texas. I served three years as a Member of the Committee on the Texas Disciplinary Rules of Professional Responsibility of the State Bar of Texas, I am presently a Member of the Committee on Pattern Jury Instructions of the State Bar of Texas.

I taught Criminal Law and Procedure to law students as well as to college and university students for thirteen years. I taught the course in Professional Responsibility to law students.

I served ten sessions as a Member of the House of Representatives of Texas; during seven of those sessions I was a Member of the Criminal Jurisprudence Committee. I was the author of House Bill 207 in the Seventy-First Legislature, which began the process of making life without parole available as a punishment for those convicted of capital murder, while the law at the time permitted parole after fifteen years.

1. When were you retained by the Applicant to represent him in the appeal of his convictions in Cause No. 64,862? On June 8, 2012.

2. Did you have a written contract with the Applicant? If so, please attach a copy of the contract to your affidavit. Yes, Exhibit A - Initial Contract mailed to Mr. Mendoza.

3. When did you complete and submit a brief to the appellate court in Cause No.64,862? Brief was filed on February 1, 2013 (Exhibit B).

4. Did the Applicant, or someone on his behalf, compensate you in full for the preparation and filing of the above referenced appellate brief? No, there was a balance of *$1,200.00* due on the appellate work. We waived the *$1,200.00* when client's father asked us to do Writ on the Bell County conviction (Exhibit C).

5. After the convictions were affirmed, did the Applicant, or someone on his behalf, inform you that your services were no longer needed? If so, when? No, I did not learn that applicant wanted to discharge me until Assistant District Attorney Sean Proctor called me on May 15, 2015. Applicant had vacillated His father would always say that he (the father) wanted us to continue and that he (the father) would convince the son.

6. Did you receive a letter from the Applicant, or someone on his behalf, in May of 2014 informing you that your services were no longer needed? No, It is not in our physical file. It is not in our scanned electronic file. I never saw any such letter.

7. Did you receive a letter from a third party, on the Applicant's behalf, in July of 2014 informing you that the Applicant was terminating your services, and wanted all documents concerning his case forwarded to him, and monies returned? No, It is not in our physical file. It is not in our scanned electronic file. I never saw any such letter.

8. Did the Applicant, or someone on his behalf, discuss and/or authorize you to pursue any other post-conviction remedies, i.e., a Petition for Discretionary Review or post-conviction Writ of Habeas Corpus, on his behalf? Yes, His father asked us to pursue an 11.07 in the Bell County Conviction.

9. The Applicant has indicated in his Motion to Temporarily Abate, that between December of 2014 and March of 2015, you failed to return funds owed to him, implying that you were not authorized to pursue any additional post-conviction remedies beyond an appeal. Did the Applicant, or someone on his behalf tender to you additional funds, beyond compensation for the brief, that he now wants returned? If so, when and for what purpose were these funds to he used? Father gave us *$5,500.00* on the Writ. There is a balance due on the Writ of *$4,500.00*. See ledger attached (Exhibit D).

10. If you received such funds from the Applicant, or someone on his behalf, have you returned to him all or any part of th funds? No, I earned any funds the father gave us. I filed an application and brief with the District Court OF Bell County on writ (Exhibit E). My work is worth far more than *$5,500.00* paid.

11. Any other fact pertinent to the resolution of the issues raised by the allegations in the Applicant's Motion to Temporarily Abate. On withdrawing, I am not withdrawn until a judge says so. I have to protect my client's rights until a judge discharges me.

I never knew of Applicant's decision to discharge me as his writ counsel until Assistant District Attorney Proctor told me about Applicant's Motion to Abate. Assistant District Attorney Proctor called me on May 15, 2015. He told me that Applicant had filed a Motion to Abate the process of the 11.07 writ, saying that I was not authorized to represent him. I told Mr. Proctor that I knew nothing about any proposed discharge, nor about any Motion to Abate. On May 15, 2015, I had already filed an Application for Post-Conviction Habeas Corpus as well as a brief for Applicant.

Mr. Proctor told me that the Court of Criminal Appeals had indeed abated the TEX.CODE CRIM.P.art.11.07 process in Applicant's case.

I think Mr. Proctor would say that I was surprised to hear that Applicant had moved the Court of Criminal Appeals to discharge me and that I was surprised to learn that Applicant had moved the Court of Criminal Appeals to abate the 11.07 proceeding.

I told Mr. Proctor that one set of documents had been sent mistakenly to "3019 Banyan Brownsville, Texas" and had been returned to the sender, the Bell County District Attorney's Office. (See Exhibit "F") The Bell County District Attorney's Office sent a copy of the Trial Judge's Order finding the application non-compliant for having been submitted on an incomplete or out-of-date form; the District Attorney's Office sent me that on March 31, 2015. It was apparently returned to the District Attorney on April 15, 2015 and received by the District Attorney on April 20, 2015.

Mr. Proctor told me that the Court of Criminal Appeals of Texas had told the Bell County District Court to make findings of fact and conclusions of law about Applicant's motion to abate and the surrounding circumstances.

I told Mr. Proctor that my understanding was that I was not fully discharged until a judge or court discharged me and that it was my practice to file a motion and to safeguard the client's rights until discharged.

Mr. Proctor told me that the Court of Criminal Appeals had never done anything like this in all the twenty years he served as writ counsel for the Bell County District Attorney's Office.

Mr. Proctor and I discussed some of the merits of the application I had filed, including whether the trial court's failure to define "marriage" amounted to error of constitutional dimension.

I asked Mr. Proctor to ask the District Clerk to send me a copy of the District Judge's Order expanding the record as well as the questions the District Judge wanted me to answer. He did that.

I filed the application for post-conviction habeas corpus as well as the accompanying brief before I received a copy of Applicant's grievance and before Attorney Proctor told me of Applicant's Motion to Abate.

We agreed to represent applicant on his direct appeal from the Bell County conviction and sentence. We charged *$10,000.00* for that appeal. Applicant's father paid *$8,800.00* dollars of that *$10,000.00* appellate fee. We agreed to waive the remaining *$1,200.00* due on the appeal when we took on the duty of the 11.07 writ challenging the Bell County conviction and sentence. Applicant's father paid us *$4,500.00* of the *$10,000.00* we charged to do the 11.07 application challenging the Bell County conviction.

Another Board Certified Criminal Lawyer may offer an affidavit that the quality of the brief in support of the application for the writ is extraordinary...finding other states with guarantees of due course which deemed a life sentence for a second indecency a violation of that constitutional guaranty, as well as advancing a claim that the failure to define marriage amounted to a constitutional error of due process and due course dimensions.

I have given back *$85,000.00* in attorney's fees that I can recall, to different clients. Recently, Alberto Aguirre asked me to represent him in the United States District Court for the Southern District of Texas, McAllen Division. He paid us *$12,000.00*. I got the prosecutor, Mr. Sturgis, to come in person to talk to Mr. Aguirre about the risks of trial and the prospect of resolution. I got the District Court to set bail, even though Mr. Aguirre was a repeat offender. Mr. Aguirre decided to discharge me. I filed a motion to withdraw but persuaded the prosecutor to leave his offer open, even though the prosecutor was not pleased about the change in counsel. I asked the United States District Judge to use his ancillary

jurisdiction to tell me what refund was appropriate. I submitted a summary of my work. The Judge told me what to refund and I did so promptly. (See Exhibit "F")

Earlier, in 2006, the appellant's sister asked me to represent her brother in the Supreme Court of the United States. I agreed. She sent me a cashier's check for ten-thousand dollars. She changed her mind. I gave her all the money back at once.

In another matter, in 2006, a client's father gave us *$14,000.00* as an advance fee deposit. He changed his mind. We gave him his *$14,000.00* back right away.

I never got any notice of discharge from Applicant nor any request for a refund. Had I gotten notice of discharge, I would have followed my usual custom, as I did in Aguirre, of filing a motion and asking the Judge to use her ancillary jurisdiction to tell me what refund, if any, was appropriate. Had she decreed a refund, I would have made one at once, as I did in Aguirre.

Recently, in a civil employment case, Michael Alex v. Brownsville Independent School District, in the District Court of Cameron County, we tried the teacher's matter for eight days. The jury poured us out. Our agreement provided that our responsibility ended when the judge signed a judgment. Even so, we protected the client's right to further redress by preparing a motion for new trial for him to sign and file as well as a notice of appeal for him to file, together with stamped transmittal envelopes and letters. We filed a motion to withdraw pursuant to TEX.CODE CIV.P.10 and spent an entire day in court pointing out our efforts to safeguard the client's rights. The Court granted the motion to withdraw.

Those actions in refunding and that action in Alex constitute our policy, uniformly followed.

In Alberto Aguirre, client had paid *$12,000.00*. Client discharged me. I moved to withdraw. Judge decided if I could withdraw of how much to refund - (See Exhibit "G").

IDOCKET ENTRY ENTERED 09/19/13

Minute Entry for proceedings held before Judge Randy Crane: Sentencing held on 9/19/2013 for Alberto Aguirre (5). The Court denied the motion for continuance and proceeded with sentencing. Counsel approached the bench for conference-SEALED by Order of

the Court. [TOL=37, CHC=II, GRS-235-293 months] Sentence Count (s) 1s: Two-hundred thirty-five months custody of the Bureau of Prisons, five (5) years supervised release term and $100 special assessment. The Court recommended an institution where he can be placed in a drug abuse treatment program and placement closest to his family. The Court advised the defendant of his right to appeal. Count(s) 1, 3, 3s: Dismissed on Government's oral motion., Alberto Aguirre terminated. The Court also addressed the issue of attorney fees as to Attorney Warner and the Court ordered that Attorney Warnder refund $2,000 to the defendant. Counsel should advise the Clerk if a order from the Court is necessary. Appearances: James H. Sturgis, AUSA; Reno H. Gonzalez, Ret; R. Gonzalez, US Probation-Mc. (ERO: Ricardo Rodriguez [10:14-10:26]) (Interpreter: Elena Medrano-not used) Deft remanded to custody of the Marshal., filed.(lcervantes,7) (Entered: 10/01/2013)

## Conclusion and Request for Relief

The District Court should determine that the tendered answers are adequate responses to the District Court's inquiries.

RESPECTFULLY SUBMITTED,
on July 16, 2015
By: /s/ *Larry Warner*
Larry Warner,
Attorney at law
3109 Banyan Circle,
Harlingen, Texas 78550
Office: 956 230-0361
Facsimile: 1-866-408-1968
email: office@larrywarner.com
State Bar of Texas 20871500;
USDC,SDTX 1230
Board Certified,
Texas Board Legal Specialization (1983)
Member of the Bar of the Supreme Court of the United States (1984)

No. 64,862-A

EXPARTE　　　　　　　　§　　IN THE 264TH JUDICIAL
　　　　　　　　　　　　§
　　　　　　　　　　　　§　　DISTRICT COURT OF
　　　　　　　　　　　　§
JORGE MENDOZA, JR.　　§　　BELL COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**CERTIFICATE OF SERVICE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This is to certify that a true and correct copy of the foregoing **ANSWERS**

**TO DISTRICT COURT'S INQUIRIES** was delivered by mail and/or fax on

July 16, 2015 to counsel:

　　　　　　　　　　RESPECTFULLY SUBMITTED,
　　　　　　　　　　on July 16, 2015
　　　　　　　By: /s/ *Larry Warner*
　　　　　　　　　　Larry Warner,
　　　　　　　　　　Attorney at law
　　　　　　　　　　3109 Banyan Circle,
　　　　　　　　　　Harlingen, Texas 78550
　　　　　　　　　　Office:  956 230-0361
　　　　　　　　　　Facsimile: 1-866-408-1968
　　　　　　　　　　email: office@larrywarner.com
　　　　　　　　　　State Bar of Texas 20871500;
　　　　　　　　　　USDC,SDTX 1230
　　　　　　　　　　Board Certified,
　　　　　　　　　　Texas Board Legal Specialization (1983)
　　　　　　　　　　Member of the Bar of the Supreme Court of the
　　　　　　　　　　United States (1984)

No. 64,862-A

| EXPARTE | § | IN THE 264TH JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JORGE MENDOZA, JR. | § | BELL COUNTY, TEXAS |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## VERIFICATION OF DISTRICT COURT'S INQUIRIES

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

STATE OF TEXAS

COUNTY OF CAMERON

Before me, the undersigned authority, appeared this day Larry Logan Warner Sr., well-known to me, who, upon his oath, deposed and said:

My name is Larry Logan Warner Sr. I am qualified in all respects to make this affidavit and not disqualified from making it.

I make this affidavit and verification on personal knowledge.

I verify that all the allegations of fact in this instrument are true and correct within my personal knowledge.

Further affiant sayeth not.

Subscribed and sworn to before me by Larry Warner this August 14, 2015.

Larry Warner, Affiant
Attorney at Law

SUBSCRIBED AND SWORN TO before me, the undersigned authority, by the said Larry Warner this August 14 2015

MARIA V. RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
November 11, 2018

Maria V. Rodriguez,
Notary Public, State of Texas
My Commission Exp.: 11/11/18

# EXHIBIT "A"

STATE OF TEXAS                          §
                                        §
COUNTY OF CAMERON                        §

1.  I agree to represent you on your appeal to the Court of
    Appeals for the Third District of Texas from the judgment and
    sentence of the 426th District Court of Bell County, cause
    number 64,862, State of Texas vs. George Mendoza, Jr.

2.  You agree to pay me attorney's fees as follows: Ten-thousand
    dollars upon my taking responsibility for these matters.
    *You have paid $5000 (five thousand dollars) today. You
    promise to pay $400 per month beginning on July 7th, 2012 and
    $400 on the $400 on the 7th of each month thereafter until
    $5,000 (five thousand dollars) have been paid in full.*

3.  The court reporter's record costs extra and you have to pay
    for it because the rules for lawyers do not let me advance
    costs in a criminal case. If you have the reporter's record
    in hand, you promise to give it to me right away so that I
    can use it to rebrief our appeal.

4.  The clerk's record costs extra. You have to pay for that as
    well. The clerk charges a dollar a page. The clerk's record
    will probably cost a dollar a page. You promise to give us
    the money for the clerk's record when we ask for it. We need
    it now. If you have the clerk's record in hand, you promise
    to give it to me right away so that I can use it to rebrief
    our appeal.

5.  My responsibility ends once all the judges of the Court of
    Appeals for the Third District make a decision.

    If you want me to do anything else, we must make a new

written agreement and there will be an additional attorney's fee for anything else, such as:

A. Motion for rehearing of the application for an 11.07 writ of habeas corpus, attacking the conviction in cause number 35,161, the State of Texas v. George Mendoza, 33rd District Court of Burnet County, Tx, recently denied.

B. A petition for certiorari to the Supreme Court of the United States to review the denial of the post conviction writ in cause number 35,161, the State of Texas v. George Mendoza, 33rd District Court of Burnet County, Tx, recently denied.

C. A petition for discretionary review to the Court of Criminal Appeals of Texas to review any decision of the Third Court of Appeals in our appeal from the judgment and sentence of the 426th District Court of Bell County, cause number 64,862, State of Texas vs. George Mendoza, Jr.

D. A petition for certiorari to the Supreme Court of the United States, to review any decision of the Court of Criminal Appeals of Texas.

E. A federal Motion to Vacate Sentence in either your Bell County case or your Burnet County case, any application for pardon, commutation, or clemency, in either your Bell County case or your Burnet County case, or any other process beyond the Court of Appeals for the Third District.

7. I do not make guarantees about results. I do promise my best efforts.

8. Your family has paid and promised to pay my attorney's fee. You agree that they can do that. You are the client. I must take care of your interests, no one else's. Your family cannot tell me what to do; only you can make legal decisions regarding your case. If you tell me a secret, I cannot tell anyone, not even your family. You agree that I can keep your family informed about all the events in our case.

10. This is our complete agreement. There are no other agreements. To make any changes in this agreement, we must write it down and everyone must sign again. You got a copy of this agreement. Both of us will perform this agreement in Cameron County, Texas. Texas law governs this agreement.

11. Attorney will have to begin today with a motion to substitute and to rebrief and to present oral argument. If the Court of Appeals does not permit substitution, attorney will represent client on a petition for discretionary review without additional fee. If the Third Court of Appeals has decided this case already, attorney will move for a rehearing and a rehearing en banc.

SIGNED ON THIS **June 8, 2012 ELECTRONICALLY**. Attorney will email family an email of this agreement today.

_____
JORGE MENDOZA, JR.

Larry Warner
Larry Warner, Attorney

jorge L. mendoza
JORGE LUNA MENDOZA, SR.
armsol76@yahoo.com
3613 Lakecrest Drive
Kileen, Tx 76549
254 423 1260 cell
254 338 8523 home

# CONTRACT FOR LEGAL SERVICES
## STATE APPLICATION FOR 11.07 HABEAS CORPUS

**Date.** This contract is made on September 29, 2013

**Parties.** This contract is between **JORGE MENDOZA, JR.** who shall be called "Client" in this contract and **LARRY WARNER** who shall be called "Attorney" in this contract.

**Attorney.** Attorney, **LARRY WARNER** is duly licensed to practice law in this state.

**Employment.** *CLIENT*, by this contract, employs Attorney to represent Client in all matterspertaining to an action for:

1). **WRIT OF HABEAS CORPUS, 11.07, TEX.CODE CRIM. P.**

   POST-CONVICTION APPLICATION FOR A WRIT OF HABEAS CORPUS TO SEEK AN OUT-OF-TIME MOTION FOR REHEARING AND A POST-CONVICTION OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW

**Acceptance of employment.** *ATTORNEY*, by this contract, accepts employment to represent Client in all matters pertaining to an <u>action for:</u> 1) WRIT OF HABEAS CORPUS, 11.07, TEX.CODE CRIM.P.

   POST-CONVICTION APPLICATION FOR A WRIT OF HABEAS CORPUS TO SEEK AN OUT-OF-TIME MOTION FOR REHEARING AND A POST-CONVICTION OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW

   Client had judgment rendered against him in interests in cause no. *06-CR-2031-E* in the *The State of Texas vs. JORGE MENDOZA, JR.., 33RD District Court, Bell County, Texas.*

**Services to be Performed.** Attorney agrees to represent Client in all matters pertaining to **Application for Writ of Habeas Corpus.** Any other matters or causes of action will be the subject to other contracts of employment. Attorney shall perform the following services as and when necessary or advisable:

1. Advise Client of the legal rights, remedies and objectives at issue in the case and make recommendations;
2. Prepare and file all necessary pleading, motions, affidavits and other such legal papers;
3. Conduct such discovery as is necessary under the circumstances of the case;
4. Conduct the trial preparation and trial of the case;
5. Prepare, have executed, and file all decrees and other final orders as are necessary to properly conclude the case.
6. Prepare, have executed, and ready for filing ancillary papers.

**Services Do Not Include:**

1. A Petition for Certiorari by the Supreme Court of the United States.
2. An appearance before the Board of Pardons and Paroles.
3. A Petition for Executive Clemency.
4. A Motion attacking sentence, 28 USC 2254

A separate agreement and an additional fee are required in those instances.

**Communication With Client.** Attorney shall keep Client reasonably informed about the matter by periodically advising Client of the status and progress of the case and by promptly complying with reasonable requests for information. **Client understands that the attorney handling this matter will not always be immediately available because of other commitments, other business and other activities. Telephone calls will be returned by both Client and Attorney.**

Both Client and Attorney recognize that it is often more efficient for both to communicate through the Legal Assistant of the attorney handling this case.

**Consultation With Experts.** It is recognized both by Client and Attorney that it may become necessary or advisable in the handling of this case to consult with and employ experts such as accountants, appraisers, mental health professionals and attorneys in specialized fields. Additional fees for such consultations will be incurred by attorneys only after consultation with Client and with the permission of Client. Fees charged by such experts shall be paid by Client either by payment directly or by reimbursing Attorney for such expenses.

**Term.** The term of this agreement is the time required to bring the case to a legally proper conclusion. Both Client and Attorney recognize that the amount of time depends upon what happens in the case and that no definite time period for the term of this agreement can be given. This will take at least 18 months. It may take 24 months or more. It will be two months before attorney can file Application because amendments are disfavored and attorney needs the Clerk's record and the Reporter's record.

**Fees and Expenses (Flat Fee).**
Attorney Fee of the amount of $10,000.00 or a WRIT OF HABEAS CORPUS, 11.07, TEX.CODE CRIM.P.

> $2,500.00 will be paid today by cash.
>
> $1,000.00 will be paid on November 4, 2013 by depositing it in Chase bank routing number 111000614 account no. 159519380.
>
> $450.00 will be paid by the 7th of every month until balance is paid in full by depositing it in the Chase bank. (14 Payments of $450 and last payment will be $200).

**GUARANTEES:** ATTORNEY PROMISES HIS BEST EFFORTS. **NO GUARANTEE** AS TO RESULTS IS PERMITTED OR GIVEN.

* In this case a person other than the client has agreed to pay the Attorney fee by signing below. That person acknowledges that he has agreed to pay the attorney's fee. He also agrees that while he may be kept advised about the status of this case, the attorney may not properly disclose to him any confidences of the client. So, the third party will be kept informed by the attorney about such things as when the case is set for hearing, but will not be made a party to private confidences between the Client and the Attorney.

*The fee paid is a non refundable retainer to induce this lawyer to take this case at this time. Client wishes to hire this lawyer because he is one of some *600 Board Certified Criminal Lawyers in Texas*; there are *60,000 lawyers in Texas.* Client also wishes to hire this lawyer because others regard him as capable in dealing with criminal cases.

     This is the complete agreement between the parties. All parties have read it and understand it. There are no additional agreements.

     No changes can be made in this agreement unless all parties agree to the changes. Every change must be in writing and signed by all the parties to the original agreement. Texas law governs this agreement.


JORGE MENDOZA, JR.       - Client


_____

JORGE MENDOZA, SR.


_____

LARRY WARNER, ATTORNEY

# EXHIBIT "B"

**CASE: 03-10-00344-CR**
**DATE FILED:** 06/07/2010
**CASE TYPE:** INDECENCY WITH A CHILD
**STYLE:** JORGE MENDOZA JR. AKA GEORGE MENDOZA JR.
**V.:** THE STATE OF TEXAS
**ORIG PROC:** NO
**TRANSFER FROM:**
**TRANSFER IN:**
**TRANSFER CASE:**
**TRANSFER TO:**
**TRANSFER OUT:**
**PUB SERVICE:**


**APPELLATE BRIEFS**
DATE EVENT TYPE DESCRIPTION DOCUMENT
03/05/2013 BRIEF FILED - ORAL ARGUMENT NOT REQUESTED STATE
03/04/2013 SUPPLEMENTAL BRIEF FILED APPELLANT
**03/01/2013 SUPPLEMENTAL BRIEF RECEIVED APPELLANT**
02/05/2013 BRIEF FILED - ORAL ARGUMENT REQUESTED APPELLANT
02/01/2013 BRIEF RECEIVED - ORAL ARGUMENT REQUESTED APPELLANT
12/17/2012 BRIEF RECEIVED - ORAL ARGUMENT REQUESTED APPELLANT
12/20/2010 BRIEF FILED - ORAL ARGUMENT NOT REQUESTED STATE
12/10/2010 BRIEF FILED - ORAL ARGUMENT REQUESTED APPELLANT
12/10/2010 BRIEF RECEIVED - ORAL ARGUMENT REQUESTED APPELLANT


03/01/2013          SUPPLEMENTAL BRIEF RECEIVED          APPELLANT

# EXHIBIT "C"

# INVOICE

LAW OFFICE OF LARRY WARNER
3109 BANYON DRIVE
HARLINGEN, TEXAS 78550
956 230-0361  956 425-9100

| HIRED DATE: 3/10/13 CLIENT NAME: JORGE MENDOZA jR. | | |
|---|---|---|
| ATTORNEY'S FEES | | 10,000 |
| PROJECT NAME: APPEAL FROM 33RD DISTRICT COURT | | |
| PAYMENT DATE:    RECEIPT NO.CASH/CK/MONEY ORD. | | |
| DOWN PAYMENT | | 5,000.00 |
| 07/07/12 | | 400.00 |
| 08/02/12 | | 400.00 |
| 09/05/12 | | 400 |
| 10/01/12 | | 400 |
| 11/06/12 | | 400 |
| 12/07/12 | | 400 |
| 01/02/13 | | 400 |
| 02/27/13 | | 600 |
| 04/03/13 | | 400 |
| | | |
| CREDIT GIVEN FOR BALANCE ATTORNEY WILL WORK ON | | |
| 11:07 WRIT FOR BASTROP COUNTY CASE | | 1200 |
| | | |
| HIRED 9/29/13 FOR 11/07 | | -2500 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | 2500 |

| BALANCE: | | 2500 |
|---|---|---|

PLEASE MAKE PAYMENTS TO LARRY WARNER TRUST ACCOUNT:

PLEASE CALL TO MAKE ARRANGEMENTS IF YOU CANNOT REMIT PAYMENT IN FULL

THANK YOUR FOR YOUR PAYMENT

# EXHIBIT "D"

# INVOICE

LAW OFFICE OF LARRY WARNER
3109 BANYON DRIVE
HARLINGEN, TEXAS 78550
956 230-0361   956 425-9100

HIRED DATE: 9/29/13 CLIENT NAME: JORGE MENDOZA JR.

| | | | |
|---|---|---|---|
| ATTORNEY'S FEES | | | 10,000 |
| PROJECT NAME: 11.07 WRIT | | | |

| PAYMENT DATE: | RECEIPT NO. | CASH/CK/MONEY ORD. | |
|---|---|---|---|
| DOWN PAYMENT | | | |
| 09/29/13 | | | 2,000.00 |
| 09/29/13 | | | 500.00 |
| 11/04/13 | | CHECK #3849 | 1,000 |
| 12/02/13 | | CHECK #3854 | 400 |
| 01/06/14 | | DEPOSIT TO CHASE **9380 | 400 |
| 02/04/14 | | CHECK | 400 |
| 03/08/14 | | DEPOSIT TO CHASE **9380 | 400 |
| 04/08/14 | | CHECK | 400 |

|  | 4500 |
|---|---|
| BALANCE: | |

PLEASE MAKE PAYMENTS TO LARRY WARNER TRUST ACCOUNT:

PLEASE CALL TO MAKE ARRANGEMENTS IF YOU CANNOT REMIT PAYMENT IN FULL

THANK YOUR FOR YOUR PAYMENT

# EXHIBIT "E"

Case No. 148062-A

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

COPY FILED

2015 MAR 30 AM 8:06

JOANNA STATON
DISTRICT COURT
BELL COUNTY, TX

NAME: JORGE MENDOZA, JR.

DATE OF BIRTH: MARCH 6, 1977

PLACE OF CONFINEMENT: WILLIAM G. MCCONNELL UNIT, BEE COUNTY

TDCJ-CID NUMBER: 01644254        SID NUMBER: 07931973

(1)    This application concerns (check all that apply):

☑ a conviction          ☐ parole

☑ a sentence            ☐ mandatory supervision

☐ time credit           ☐ out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

426TH DISTRICT COURT, BELL COUNTY

(3)    What was the case number in the trial court?

CAUSE NO. 64,862

(4)    What was the name of the trial judge?

HONORABLE FANCY H. JEZEK

Effective: January 1, 2014                    1

Case No. _____
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: JORGE MENDOZA, JR.

DATE OF BIRTH: MARCH 6, 1977

PLACE OF CONFINEMENT: WILLIAM G. MCCONNELL UNIT, BEE COUNTY

TDCJ-CID NUMBER: 01644254    SID NUMBER: 07931973

(1) This application concerns (check all that apply):

[✓] a conviction    [ ] parole

[✓] a sentence    [ ] mandatory supervision

[ ] time credit    [ ] out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

426TH DISTRICT COURT, BELL COUNTY

(3) What was the case number in the trial court?

CAUSE NO. 64,862

(4) What was the name of the trial judge?

HONORABLE FANCY H. JEZEK

Effective: January 1, 2014    1

---

COURT OF CRIMINAL APPEALS OF TEXAS
APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

(5) Were you represented by counsel? If yes, provide the attorney's name:

YES, ROBERT O. HARRIS, III

(6) What was the date that the judgment was entered?

MAY 27, 2010

(7) For what offense were you convicted and what was the sentence?

INDECENCY WITH A CHILD SEX CONTACT

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

COUNT I: INDECENCY WITH A CHILD. LIFE SENTENCE W/$10,000 FINE

COUNT II: INDECENCY WITH A CHILD. LIFE SENTENCE W/$10,000 FINE

(9) What was the plea you entered? (Check one.)

[ ] guilty-open plea    [ ] guilty-plea bargain
[✓] not guilty    [ ] nolo contendere/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10) What kind of trial did you have?

[ ] no jury    [✓] jury for guilt and punishment
[ ] jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO

(12) Did you appeal from the judgment of conviction?

[✓] yes    [ ] no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?    3RD COURT OF APPEALS

(B) What was the case number?    03-10-00344-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

ATTORNEY LARRY LOGAN WARNER, SR.

(D) What was the decision and the date of the decision?    AFFIRMED 08/22/2013

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

[ ] yes    [✓] no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?    N/A

(B) What was the decision and the date of the decision?    N/A

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction?*

[ ] yes    [✓] no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?    N/A

(B) What was the decision and the date of the decision? N/A

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

N/A

NOT APPLICABLE.

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

**You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.**

5

(15) Do you currently have any petition or appeal pending in any other state or federal court?

[ ] yes      [✓] no

If you answered yes, please provide the name of the court and the case number:

N/A

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

[ ] yes      [✓] no

If you answered yes, answer the following questions:

(A) What date did you present the claim? N/A

(B) Did you receive a decision and, if yes, what was the date of the decision?

N/A

If you answered no, please explain why you have not submitted your claim:

4

## GROUND ONE:

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

## FACTS SUPPORTING GROUND ONE:

Counsel can be ineffective in telling the defendant not to take the offer.

*Cooper v. Lafler*, 132 S.Ct. 1376 182 L.Ed.2d 398(2012) The Supreme Court, Justice Kennedy, held that:1 petitioner was prejudiced by counsel's deficient performance in advising petitioner to reject the plea offer and go to trial, and 2 proper remedy for counsel's ineffective assistance was to order the State to reoffer the plea agreement, and then, if petitioner accepted the offer, the state trial court could exercise its discretion regarding whether to resentence.

That is what happened here. Counsel was ineffective for telling Applicant not to take the offer of 15 years.

Applicant took Counsel's advice and did not take the plea bargain. Applicant ended up with two life sentences, cumulated.

This is an unresolved issue of fact relating to the applicant's confinement. The Applicant says that that is what the lawyer told him...Don't take the offer. This is not something the District Court can resolve from what the Judge remembers. The District Court should hold an evidentiary hearing to resolve it. It could do so by affidavits.

## GROUND TWO:

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

## FACTS SUPPORTING GROUND TWO:

The first offense was a touching. The instant, second, offense was a touching.

The punishment is grossly disproportionate to the crime.

The Court of Criminal Appeals should determine that the sentence of two cumulated life sentences for two sequential sexual touchings is grossly disproportionate to the crime. Then it should determine that the sentence was disproportionate to the life sentences given to those who engage in sexual intercourse with children by Louisiana. *Kennedy v. Louisiana*, 554 U.S. 407 (2008) Then it should determine that the long prison sentence given MENDOZA for two sequential sexual touchings was not on a par with the life sentence without possibility of parole given by Texas to those convicted of capital murder but granted jury clemency from the death penalty.

**GROUND THREE:**

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of TEX.CONST.art.I,sec.13.

**FACTS SUPPORTING GROUND THREE:**

Other jurisdictions, which adopted their constitutions at about the same time as Texas did, and which use the phrase "due course of law", determined that a mandatory life sentence for a second sexual offense violated due course. This Court should consider those opinions.

Punishments for other offenses: Texas gives automatic life to those convicted of capital murder who do not get the death penalty. TEX.PEN.CODE sec.12.31(a)(1)&(2) Texas does not impose automatic life for repeat murderers, repeat home burglars, repeat robbers with guns, repeat home burglars with guns, repeat robbers, repeat kidnappers, repeat kidnappers with guns. TEX.PEN.CODE 12.42

Penalty for repeat indecency offenders in other jurisdictions:

Proctor notes that such penalty

"appears to be more severe than similar statutes applied to sex offenders in the vast majority of other states. Those are the ingredients of an unconstitutionally disproportionate punishment."
State v. Proctor,280 P.3d 839(Kan.App.2012,no pet.)

**GROUND FOUR:**

4. The instructions to the jury violate the guaranty of due process of law. U.S.CONST.amend.XIV The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue; (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

**FACTS SUPPORTING GROUND FOUR:**

While there was no objection, the judge did have a statutory duty to instruct the jury on the law applicable to the case. The Judge did not do that precisely because one of Applicant's defenses was that he and the girl were married.

A state deprives one of liberty without due process when it disregards its own law. **Hicks v. Oklahoma**,447 U.S.343(1980)

The judge did not do that here. She did not define "legally" in the phrase "legally married". It was not up to the Judge to decide that since there was some testimony that B. was thirteen when the incident took place, that it must be true that B. was thirteen when the incident took place and that therefore she could not have been married. The jury was the finder of facts, not the judge.

Nor was it up to the judge to decide that an online marriage was invalid. There is a long-standing presumption in favor of marriage. **TEIA v. Elder**,282 S.W.2d 371(Tex.1955)

**GROUND FIVE:**

5.   The instructions to the jury violate the guaranty of due process of law.

TEX.CONST.art.I.secs.13& 19 The Trial Judge should have defined

"legally" married, since it was Applicant's defensive issue. (Charge

on Guilt/Innocence. RR vol.6.p.5.line 10)

**FACTS SUPPORTING GROUND FIVE:**

While there was no objection, the judge did have a statutory duty to instruct the

jury on the law applicable to the case. The Judge did not do that precisely because

one of Applicant's defenses was that he and the girl were married.

A state deprives one of liberty without due process when it disregards its own

law. Hicks v. Oklahoma.447 U.S.343(1980)

The failure of the judge to define "legally" in "legally married" violates the

defendant's right to due course of law. TEX.CONST.art.I.secs.13 & 19. Due

course of law was not afforded him because the trial judge failed to conform to the

requirements that she "deliver to the jury...a written charge distinctly setting forth

the the law applicable to the case...." TEX.R.CRIM.P.36.14

---

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

**STATE OF TEXAS**

**COUNTY OF CAMERON**

   LARRY LOGAN WARNER, SR. , being duly sworn, under oath says: "I am the applicant/petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

   Signature of Applicant / Petitioner (circle one)

   attorney at law attorny for applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 25TH DAY OF MARCH , 20 15 .

MIA MORENO
Notary Public, State of Texas
My Commission Expires
August 01, 2017

Signature of Notary Public

16

Returnable to the
COURT OF CRIMINAL APPEALS OF TEXAS

WR_____
JORGE MENDOZA, JR., APPLICANT

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS
CORPUS FOR RELIEF FROM CONVICTION

From the 3rd Court of Appeals
Cause No. 03-10-00344-CR

Appealed from the 426th District Court
of Bell County,
Trial Cause No. 64,862

* * * * * * * * * *
APPLICANT'S BRIEF
* * * * * * * * * *

LARRY WARNER
ATTORNEY FOR APPLICANT
office: 3109 Banyan Circle,
Harlingen, Tx 78550
(956) 230-0361; 956 454 4994
email: office@larrywarner.com
website: larrywarner.com
STATE BAR #20871500;USDC,SDTX 1230
ATTORNEY
Board Certified, Criminal Law
Texas Board of Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United States
(1984)

APPLICANT requests oral argument,
pursuant to TEX.R.APP.P.39.7
and TEX.R.APP.P.71.3 & 38

2015 MAR 30 AM 8: 06  FILED
JOANNA STATON DISTRICT CLERK BELL COUNTY, TX

Returnable to the
COURT OF CRIMINAL APPEALS OF TEXAS

WR

JORGE MENDOZA, JR., APPLICANT

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS
CORPUS FOR RELIEF FROM CONVICTION

From the 3rd Court of Appeals
Cause No. 03-10-00344-CR

Appealed from the 426th District Court
of Bell County,
Trial Cause No. 64,862

* * * * * * * *
APPLICANT'S BRIEF
* * * * * * * *

LARRY WARNER
ATTORNEY FOR APPLICANT
office: 3109 Banyan Circle,
Harlingen, Tx 78550
(956) 230-0361; 956 454 4994
email: office@larrywarner.com
website: larrywarner.com
STATE BAR #20871500;USDC,SDTX 1230
ATTORNEY
Board Certified, Criminal Law
Texas Board of Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United States
(1984)

APPLICANT requests oral argument,
pursuant to TEX.R.APP.P.39.7
and TEX.R.APP.P.71.3 & 38

PARTIES AND INTERESTED PERSONS

1. JORGE MENDOZA, JR., APPLICANT

2. Hon. Robert O. Harris, III, SBOT NO. 09098800, 1201 SWS Young Drive, P.O. Box 169, Killeen, Texas 76540-0169. Phone (254) 690-4800. Defense Attorney at Trial.

3. Hon. Larry Warner, SBOT NO. 20871500, 3109 Banyan Circle, Harlingen, Texas 78550. Phone (956) 230-0361. Attorney on Appeal on 11.07 Writ Application.

4. Hon. Shelly Dawn Strimple, SBOT NO. 00794702, BELL COUNTY DISTRICT ATTORNEY'S OFFICE, 1201 Huey Road, P.O. Box 540, Belton, Texas, 76513. Phone (254) 933-5215. Prosecuting Attorney at Trial

5. Hon. Lew A. Bechtol, II, SBOT NO. 24061234, BELL COUNTY DISTRICT ATTORNEY'S OFFICE, 1201 Huey Road, P.O. Box 540, Belton, Texas, 76513. Phone (254) 933-5215. Prosecuting Attorney at Trial

2. Hon. Bob D. Odom, SBOT NO. 15200000, BELL COUNTY DISTRICT ATTORNEY'S OFFICE, 1201 Huey Road, P.O. Box 540, Belton, Texas, 76513. Phone (254) 933-5215. State's Attorney On Appeal

3. Hon. Lisa C. McMinn,; SBOT NO. 13803300. STATE PROSECUTING ATTORNEY'S OFFICE, P.O. Box 13046, Austin, Texas 78711. Phone (512) 463-1660. State Prosecuting Attorney

Pursuant to TEX.R.APP.P.38.1(b), APPLICANT provides the following table of contents:

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| IDENTITY OF PARTIES | ii |
| TABLE OF CONTENTS | iii-iv |
| TABLE OF AUTHORITIES | v-vi |
| STATEMENT OF CASE | vii-viii |
| STATEMENT REGARDING ORAL ARGUMENT | ix |
| ISSUES PRESENTED | x-xi |

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of TEX.CONST.art.I,sec.13.

4. The instructions to the jury violate the guaranty of due process of law. U.S.CONST.amend.XIV The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

5. The instructions to the jury violate the guaranty of due course of law. TEX.CONST.art.I,secs.13& 19 The Trial Judge

iii

should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

| | |
|---|---|
| STATEMENT OF FACTS | 1-3 |
| SUMMARY OF ARGUMENT | 4-6 |
| ARGUMENT | 7-29 |
| CONCLUSION AND REQUEST FOR RELIEF | 30 |
| CERTIFICATE OF SERVICE | 31 |
| CERTIFICATE OF COMPLIANCE | 31 |

iv

Pursuant to TEX.R.APP.P.38.1(c), APPLICANT provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:

## INDEX OF AUTHORITIES

CASES                                                                 PAGES

Almanza v. State, 686 S.W.2d 157, 171(Tex.Crim.App. (1984) . . . . . . . . . . . . . . . . . . . . . . 21
Cooper v. Lafler,132 S.Ct. 1376 182 L. Ed. 2d 398 (2012) . . . . . . . . . . . . . . . . . . . . . . 7
Davis v. State, 130 S.W.3d 519, 521 hn3 (Tex.App.-Dallas 2004,no pet.)] . . . . . . . . . . . . . . 13
Desta v. Anyaoha,371 S.W.3d 596(Tex.App.-Dallas 2012,no pet.) . . . . . . . . . . . . . . . . . . . . 24
Fleming v. State,341 S.W.3d 415(Tex.Crim.App.2011) 25,26
Heitman v. State, 815 S.W.2d 681, 68688 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . 15,19,29
Hicks v. Oklahoma,447 U.S.343(1980) . . . . . . . . 20
Jimenez v. State,32 S.W.3d 233,237 hn3(Tex.Crim.App.[en banc]2000) . . . . . . . . . . . . . . . . . 24,25
Kennedy v. Louisiana, 554 U.S. 407 (2008) . . . . . . 10
Lawrence v. State,240 S.W.3d 912.917 hn12 fn24(Tex. Crim.App.2007) . . . . . . . . . . . . . . . 10,11,26
Mendoza v. State,No. 03-10-00344-CR.(Tex.App.-Austin May 24, 2013,writ app.pending)(not selected for publication) 2013 WL 2348795 . . . . . . . . . vii,viii
Motley v. State,20 So.2d 798,800 hn2&3(Fla.[Div.A] 1945) . . . . . . . . . . . . . . . . . . . . . 26,27
Pollard v. Cain,No.06-1493(W.D.La.[Lafayette Div.]Nov. 9, 2007)(not selected for publication)2007 WL 4299991 9
Rodriguez v. State,758 S.W.2d757(Tex.Crim.App.1988) 21
Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) . . . . . . . . . . . . . . 16-18
State v. Bergeron, 105 Wash.2d 1, 711P.2d1000(1985) 27
State v. Davis, 27 Wash.App. 498, 506, 618 P.2d 1034 (1980) . . . . . . . . . . . . . . . . . . . . 27
State v. Johnson, 100 Wash.2d 607, 623, 674 P.2d 145 (1983) . . . . . . . . . . . . . . . . . . . . 27
State v. Proctor,280P.3d839(Kan.App.2012,no pet.) 11-16

TEIA v. Elder,282 S.W.2d 371(Tex.1955) . . . . . . . 23
U.S. v.Baird,134 F.3d 1276(6th Cir.1998) . . . . . 28
U.S. v. Bryant, 461 F.2d 912, 920 (6th Cir.1972) . . 28
Weems v. United States, 217 U.S. 349, 362, 30 S.Ct. 544, 547, 54 L.Ed. 793. . . . . . . . . . . . . 9-10

TEXAS CONSTITUTION, CODES & RULES
TEX.CONST.art.I,secs.3,3a,and 20 . . . . . . . . 17,19
TEX.CONST.art.I,sec.13 . . . . iii,x,xi,2,5,6,15,22,29
TEX.CONST.art.I,secs.19 . . . . . . iii.xi,2,6,22,29
TEX.FAM.CODE sec.1.101 . . . . . . . . . . . . . . 24
TEX.PEN.CODE sec.12.31(a)(1)&(2) . . . . . . . . . 14
TEX.PEN.CODE sec. 12.42 . . . . . . . . . . . . 14,17
TEX.PEN.CODE sec. 21.11(a) . . . . . . . . . . . . vii
TEX.R.APP.P.44.2(a) . . . . . . . . . . . . . . . . 22
TEX.R.CRIM.P.36.14 . . . . . . . . . . . . . . . . 22
TEX.R.EVID.201 . . . . . . . . . . . . . . . . . . 24

U.S. CONSTITUTION
U.S.CONST.amend.VIII . . . . . . . . . . iii,x,1,4,8,11
U.S.CONST.amend.XIV . . . . . . . . . iii,x,2,5,17-19

Pursuant to Tex.R.App.P.38.1(a), APPLICANT provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:

## STATEMENT OF THE CASE

"A jury convicted appellant Jorge Mendoza, Jr. of two counts of indecency with a child, found that two enhancement paragraphs alleging sexual assault of a child and indecency with a child were true, and sentenced him to life imprisonment. See Tex. Penal Code § 21.11(a). The trial court signed two judgments in accordance with the jury's determinations and set the life sentences to run consecutively. On appeal, he complains that the mandatory life sentence is a violation of his rights under the federal and state constitutions, that the evidence is legally insufficient to show that he exposed his genitals, that the jury charge contained egregious error because it did not define what it means to be "legally married," that the evidence did not prove that Mendoza had committed the prior crimes used for enhancement, and that the evidence showed he lacked the required mens rea because he believed he was married to the victim."

Mendoza v. State, No. 03-10-00344-CR. (Tex.App.-Austin May 24, 2013, writ app.pending) (not selected for publication) 2013 WL 2348795 at *1

The Court of Appeals affirmed the judgment.

Mendoza now seeks post-conviction habeas.

Pursuant to TEX.R.APP.P.38.1(e), TEX.R.APP.P.71.3, TEX.R.APP.P.39.1 and TEX.R.APP.P.39.2, APPLICANT provides the following statement regarding oral argument:

## Statement Regarding Oral Argument

On occasion the Court of Criminal Appeals hears oral argument in applications for post-conviction habeas in non-capital cases.

Oral argument would be helpful to the decisional process. It is not often that the Court considers the effectiveness of counsel who told the client *not* to take the state's offer. Normally the collateral attack is predicated on the premise that the lawyer told the defendant to take the deal. If there were oral argument, the Court and counsel could discuss this item.

Pursuant to TEX.R.APP.P.38.1(e), APPLICANT provides this statement of issues presented:

## ISSUES PRESENTED

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of TEX.CONST.art.I,sec.13.

4. The instructions to the jury violate the guaranty of due process of law. U.S.CONST.amend.XIV The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on

Pursuant to TEX.CODE CRIM.P.art.38.1 (g), APPLICANT provides a statement of facts, concisely and without argument the facts pertinent to the issue or points presented, supported by record references.

## STATEMENT OF FACTS

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

   This is an averment which writ counsel makes on Applicant's behalf on information and belief.

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

   The trial court imposed a mandatory life for a second sexual offense.(CR, Page 155, Judgment)

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in

Guilt/Innocence, RR vol.6,p.5,line 10)

5. The instructions to the jury violate the guaranty of due course of law.
   TEX.CONST.art.I,secs.13& 19 The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

violation of TEX.CONST.art.I,sec.13.

The trial court imposed a mandatory life sentence for a second sexual offense.(CR. Page 155, Judgment)

4. The instructions to the jury violate the guaranty of due process of law. U.S.CONST.amend.XIV The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

The trial judge did not define when one is married.(Charge on Guilt/Innocence,RR1.6,p.5,line 10)

5. The instructions to the jury violate the guaranty of due process of law. TEX.CONST.art.I,secs.13& 19 The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

The trial judge did not define when one is married.(Charge on Guilt/Innocence,RR 1.6,p.5,line 10)

Pursuant to TEX.R.APP.P.38.1(g), APPLICANT provides the following summary of the argument, a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:

### SUMMARY OF ARGUMENT

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

Counsel can be ineffective in telling the defendant not to take the offer. That is what happened here.

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

The first offense was a touching. The instant, second offense was a touching. The punishment is grossly disproportionate to the crime.

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of TEX.CONST.art.I,sec.13.

Other jurisdictions, which adopted their constitutions at about the same time as Texas did, and which use the phrase "due course of law", determined that a mandatory life sentence for a second sexual offense violated due course. This Court should consider those opinions.

4. The instructions to the jury violate the guaranty of due process of law.

U.S.CONST.amend.XIV The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

While there was no objection, the judge did have a statutory is duty to instruct the jury on the law applicable to the case.

5. The instructions to the jury violate the guaranty of due process of law.

TEX.CONST.art.I,secs.13& 19 The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

While there was no objection, the judge did have a statutory is duty to instruct the jury on the law applicable to the case.

*Pursuant to Tex. R. App. Proc. 38.1(h), Appellant provides the following argument or the contentions made, with appropriate citations to the authorities and to the record:*

## ARGUMENT

1. The defendant was deprived of the effective assistance of counsel when trial counsel told the defendant not to take the offer of 15 years on each charge.

Counsel can be ineffective in telling the defendant not to take the offer. **Cooper v. Lafler**,132 S.Ct. 1376 182 L.Ed.2d 398(2012) The Supreme Court, Justice Kennedy, held that:1 petitioner was prejudiced by counsel's deficient performance in advising petitioner to reject the plea offer and go to trial, and 2 proper remedy for counsel's ineffective assistance was to order the State to reoffer the plea agreement, and then, if petitioner accepted the offer, the state trial court could exercise its discretion regarding whether to resentence.

That is what happened here. Counsel was ineffective for telling Applicant not to take the offer of 15 years.

Applicant took Counsel's advice and did not take the plea bargain. Applicant ended up with two life sentences, cumulated.

This is an unresolved issue of fact relating to the applicant's confinement. The Applicant says that that is what the lawyer told him...Don't take the offer. This is not something the District Court can resolve from what the Judge remembers. The District Court should hold an evidentiary hearing to resolve it. It could do so by affidavits.

2. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of U.S.CONST.amend.VIII.

The first offense was a touching. The instant, second, offense was a touching. The punishment is grossly disproportionate to the crime.

A United States District Court noted the approach of the United States Court of Appeals for the Fifth Circuit to claims of disproportionateness:

"In light of Solem's general constitutional principle and other relevant jurisprudence, the Fifth Circuit set forth its methodology for analyzing excessive sentence claims in **McGruder v. Puckett**, 954 F.2d 313, 315 (5th Cir.1992). First, the court weighs the gravity of the offense against the severity of the sentence. McGruder, 954 F.2d at 316. Then, if the court determines that the sentence is grossly disproportionate to the offense, the court compares (2) sentences for similar crimes in the same jurisdiction and (3) sentences for the same crime in other jurisdictions. Only if the court concludes in the first inquiry that the sentence is "grossly disproportionate" to the offense, does the court proceed to determine the second and third inquiries. **United States v. Gonzales,** 121 F.3d 928, 942-943 (5th Cir.1997). If the court concludes that the sentence is not "grossly disproportionate," the inquiry is finished, and the court "defer[s] to the will of Congress." Gonzales, 121 F.3d at 942-43." **Pollard v. Cain.**No.06-1493(W.D.La.(Lafayette Div.)Nov. 9, 2007)(not selected for publication)2007 WL 4299991 at *7

The reviewing Court considers the sentence actually imposed. Weems could have gotten twenty years. "The punishment...is from twelve years and one day to twenty years...." **Weems** at 364 He got fifteen. "The assignment of error is that 'a punishment of fifteen years'"

imprisonment was a cruel and unusual punishment, and, to the extent of the sentence, the judgment below should be reversed on this ground.'" [internal quotations unchanged] Weems v. United States, 217 U.S. 349, 378-379, 30 S.Ct. 544, 54 L.Ed. 793 (1910)

The Court of Criminal Appeals should determine that the sentence of two cumulated life sentences for two sequential sexual touchings is grossly disproportionate to the crime. Then it should determine that the sentence was disproportionate to the life sentences given to those who engage in sexual intercourse with children by Louisiana. Kennedy v. Louisiana, 554 U.S. 407 (2008) Then it should determine that the long prison sentence given MENDOZA for two sequential sexual touchings was not on a par with the life sentence without possibility of parole given by Texas to those convicted of capital murder but granted jury clemency from the death penalty.

Texas appellate courts may rely upon opinions of other jurisdictions. Numerous decisions of other appellate courts, including Texas courts of appeal and courts of other jurisdictions, are in accord with our

holdings...."Lawrence v. State, 240 S.W.3d 912,917 hn12 fn24(2007)

The Court of Criminal Appeals should review and consider the entire opinion of the Kansas Court of Appeals in Proctor, infra, for several reasons.

One, the facts are almost identical. Both Mendoza and Proctor were convicted of indecency with a child. Two, the issues are the virtually the same: Does an automatic life term for a subsequent offense for one convicted initially of indecency with a child violate the state's own constitutional prohibition on cruel and unusual punishment? Does an automatic life term for a subsequent offense for one convicted initially of indecency with a child violate the federal constitutional prohibition on cruel and unusual punishment as stated in U.S.CONST.amend.VIII? Three, the Kansas court's analysis is exhaustive and detailed and annotated and addresses both a state constitutional provision identical to Texas' own Art.I,sec.13 as well as examining that sentence in the light of the Eighth Amendment to the federal constitution.

Prospective incarceration for life of a defendant convicted of indecency with a child committed a felony while on lifetime postrelease supervision constituted cruel and unusual punishment.

Defendant pleaded guilty in the Saline District Court, Rene S. Young, J., to aggravated indecent solicitation of a child and received probationary sentence that included prospective lifetime postrelease supervision and the potential of life in prison without parole if defendant committed any felony while on postrelease supervision. Defendant appealed. **State v. Proctor**,280 P.3d 839(Kan.App.2012,no pet.)

There are three factors to be considered in assessing a given punishment under state constitutional prohibition against cruel or unusual punishment: first factor examines nature of offense and character of offender with particular regard to degree of danger present to society, and should take into account facts of crime and violent or nonviolent nature of offense along with extent of defendant's culpability for any resulting injuries and the way the punishment serves recognized penological

purposes; second factor entails comparison of punishment with sentences for more serious offenses; and final factor requires comparison of punishment to sentences in other jurisdictions for same offense.

Kansas' appellate court was interpreting its own constitutional bill of rights prohibition of cruel and unusual punishment, identical to Texas' Art.I,sec.13. The Kansas Court of Appeals was also interpreting the Union Constitution's Eighth Amendment's prohibition on cruel and unusual punishment. It found both constitutions violated. **Proctor** at 889

"All persons shall be bailable by sufficient sureties except for capital offenses, where proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." K.S.A.Const.Bill of Rights §9

Details of the offense: Mendoza had the girl touch his penis after he had been given deferred for indecency.

They had met on a website which means "spermspace".

["Moco" means "sperm" in Spanish slang. **Davis v. State,** 130 S.W.3d 519, 521 hn3 (Tex.App.-Dallas 2004,no pet.)]

She let him into her house where she was alone. He had

her touch his penis. There were no physical injuries stated in the evidence, nor any emotional. Penological objectives ought to be deterrence and reformation.

Punishments for other offenses: Texas gives automatic life to those convicted of capital murder who do not get the death penalty. TEX.PEN.CODE sec.12.31(a)(1)&(2) Texas does not impose automatic life for repeat murderers, repeat home burglars, repeat robbers with guns, repeat home burglars with guns, repeat robbers, repeat kidnappers, repeat kidnappers with guns. TEX.PEN.CODE 12.42

Penalty for repeat indecency offenders in other jurisdictions:

**Proctor** notes that such penalty

"appears to be more severe than similar statutes applied to sex offenders in the vast majority of other states. Those are the ingredients of an unconstitutionally disproportionate punishment." **Proctor** at 842

Proctor's act was like Mendoza's. "Proctor apparently cajoled T.C. into having manual and oral contact with Proctor's penis." **Proctor** at 842 Like B., the girl in Mendoza's case, "T.C.suffered no physical

injuries." **Proctor** at 842

Kansas interprets its section 9 as meaning the same as the Eighth amendments prohibition, reserving the right to interpret its own constitution. Kansas' counterpart to

**Heitman v.State,**815 S.W.2d 681(Tex.Crim.App.[en banc]1991) is **Scott v. State,**183 P.3d 801(2008)

"The United States Supreme Court treats a sentence of life without the possibility of parole differently from imprisonment for a term of years in assessing the constitutionality of the punishment under the Eighth Amendment. See Solem, 463 U.S. at 297, 103 S.Ct. 3001 (noting the severity of the punishment)." **Proctor** at 857 hn11

The Court of Criminal Appeals should find that the two sentences of mandatory life, cumulated, is grossly disproportionate to the crime and is "categorically" cruel and unusual. This is the traditional distinction between "as written" and "as applied".

3. A mandatory life sentence for a second sexual offense is cruel and unusual punishment in violation of TEX.CONST.art.I,sec.13.

Other jurisdictions, which adopted their

constitutions at about the same time as Texas did, and which use the phrase "due course of law", determined that a mandatory life sentence for a second sexual offense violated due course. This Court should consider those opinions.

The Court of Criminal Appeals should refer to the analysis of the Kansas Court of Appeals in **Proctor, supra,** examining an identical ["cruel or unusual] prohibition in its own constitution.

The Court of Criminal Appeals should adopt a close scrutiny or a strict scrutiny standard.

In an analogous situation, the United States Supreme Court has held that a fundamental right exists sufficient to invoke strict scrutiny for equal protection purposes. **Skinner v. Oklahoma,** 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). Skinner examined an Oklahoma law that required sterilization of a person convicted three times of crimes "amounting to felonies of moral turpitude." Id. at 536, 62 S.Ct. at 1111. Some offenses—including embezzlement—were expressly excepted from the statute's

application. Id. at 537, 62 S.Ct. at 1111. The Supreme Court held that the statute violated the Equal Protection Clause [U.S.CONST.amend.XIV] by applying to larcenists but not to embezzlers. Id. at 542, 62 S.Ct. at 1113-1114.

In arriving at its holding, the Court emphasized the fundamental nature of the right at stake...the right to marry and the right to procreate.

Texas does not impose an automatic life sentence upon a second conviction for burglars of buildings, burglars of homes, robbers without guns, robbers who merely threaten, robbers with guns, murderers who murder again, thieves who steal over $200,000 again, second-time aggravated assaulters or repeat kidnappers. TEX.PEN.CODE Sec.12.42 This implicates both federal and state rights to equal protection, which are separately discussed. U.S.CONST.amend.XIV; TEX.CONST.art.I,secs.3,3a,and 20.

The right in **Skinner** was that to marry and to procreate, one not mentioned in any of the founding documents of the country or this state. Liberty, however, is indeed prominently mentioned in: the U.S. Declaration of Independence ("they are endowed...with certain

subject to automatic life when automatic life is not prescribed for the felons noted above: second time burglars, second time robbers, second time aggravated assaulters, even second time murderers. TEX.CONST.art.I,secs.3,3a,and 20. Provisions of the Texas Constitution which are modeled upon or similar to counterparts in the U.S. Constitution provide at least as much protection. **Heitman v. State**,815 S.W.2d 681,690 hn1(Tex.Crim.App.En Banc1991)

The Court of Criminal Appeals should find that automatic life for a second sexual touching violates the guaranties of equal protection of U.S.CONST.amend.XIV. It should find that automatic life for a second sexual touching violates the guaranties of equal protection of TEX.CONST.art.I,secs.3,3a,and 20. It should remand for resentencing.

4. There is egregious harm from error in the trial court's instructions to the jury. The Trial Judge on her own motion should have defined "legally" married. (Charge on Guilt/Innocence,

unalienable Rights, that among these are..Liberty....") the U.S. Constitution("We the People of the United States, in Order to..secure the Blessings of Liberty...."),the U.S. Bill of Rights(by implication), the Texas Declaration of Independence of 1836 ("When a government has ceased to protect the...liberty...of the people..."), Texas Constitution of 1836(We, the People of Texas, in order to...secure the blessings of liberty ...., nor the Texas Bill of Rights ("That the general, great and essential principles of liberty...may be recognized....". Liberty, mentioned in all six, is more valuable and merits similar close scrutiny.

Close scrutiny and federal equal protection, as in **Skinner**, **supra**, indicate that Mendoza should not be subject to automatic life when automatic life is not prescribed for the felons noted above: second time burglars, second time robbers, second time aggravated assaulters, even second time murderers. U.S.CONST.amend.XIV

Close scrutiny and Texas' equal protection, as in **Skinner**, **supra**, indicate that Mendoza should not be

RR vol.6,p.5,line 10)

While there was no objection, the judge did have a statutory duty to instruct the jury on the law applicable to the case. The Judge did not do that precisely because one of Applicant's defenses was that he and the girl were married.

A state deprives one of liberty without due process when it disregards its own law. **Hicks v. Oklahoma**, 447 U.S.343(1980)

There was fundamental constitutional error in the instructions to the jury at guilt/innocence. The judge did not define "legally" married. There was some evidence that the defendant and the complaining witness were married to each other. How were the jurors to know what "legally" married meant if the judge did not tell them?

The Texas Court of Criminal Appeals had set forth the standard of review for an erroneous jury charge as follows:

"An erroneous ... jury charge ... does not result in automatic reversal of a conviction. [Tex.Code Crim. Proc. Ann.] art. 36.19 prescribes the manner of appellate review for jury charge error. When reviewing charge errors, an appellate court must undertake a two-step review: first, the court must determine whether error actually exists in the charge, and second, the court must determine whether sufficient harm resulted from the error to require reversal.... The standard to determine whether sufficient harm resulted from the charging error to require reversal depends upon whether appellant objected. Where there has been a timely objection made at trial, an appellate court will search only for "some harm." By contrast, where the error is urged for the first time on appeal, a reviewing court will search for "egregious harm.""*4 **Abdnor v. State**, 871 S.W.2d 726, 731-32 (Tex.Crim.App.1994) (citing **Almanza v. State**, 686 S.W.2d 157, 171 (Tex.Crim.App.(1984)) (other citations and footnote omitted).

Then the Court of Criminal Appeals noted that Almanza's analysis had been superseded by a rule. **Almanza** had been supplanted by rule as stated in **Rodriguez v. State**,758 S.W.2d 757(Tex.Crim.App.1988)

"[T]his Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in Almanza, supra, govern in deciding whether this kind of charge error was harmless to the defendant. This Court further held that failure to object to the unconstitutional jury charge did not waive error. Since an objection was not required, it is of no consequence in the instant case that appellant's point of error on appeal was not raised at trial." **Rodriguez v. State**,758 S.W.2d 757,758(Tex.Crim.App.1988)

The present rule, TEX.R.APP.P.44.2 provides:

"(a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX.R.APP.P.44.2(a)

There is indeed error, since the judge did not define "legally" in "legally married". She did not tell the jurors the age of consent, the age at which one's parent may consent on behalf of a minor, the effect of a proxy marriage.

There was no objection, nor any proposed instruction rejected.

The error is of constitutional dimension as to both constitutions, now separately briefed.

The failure of the judge to define "legally" in "legally married" violates the defendant's right to due course of law. TEX.CONST.art.I,secs.13 & 19. Due course of law was not afforded him because the trial judge failed to conform to the requirements that she "deliver to the jury...a written charge distinctly setting forth the law applicable to the case...." TEX.R.CRIM.P.36.14

22

The judge did not do that here. She did not define "legally" in the phrase "legally married". It was not up to the Judge to decide that since there was some testimony that B. was thirteen when the incident took place, that it must be true that B. was thirteen when the incident took place and that therefore she could not have been married. The jury was the finder of facts, not the judge.

Nor was it up to the judge to decide that an online marriage was invalid. There is a long-standing presumption in favor of marriage. **TEIA v. Elder**,282 S.W.2d 371(Tex.1955)

"It is well that the presumption should be so regarded, for it is grounded upon a sound public policy which favors morality, innocence, marriage, and legitimacy rather than immorality, guilt, concubinage, and bastardy. Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560...(citing cases]"**TEIA v. Elder**,282 S.W.2d 371,373hn2(Tex.1955)

Even the new Family Code of 1974, though making all children the legitimate progeny of their mothers, thus eliminating an entire volume of TEX.JUR. on Bastardy, nevertheless, in its very chapter on Public Policy,

23

maintains: "[I]t is the policy of this state to preserve and uphold each marriage against claims of invalidity...."TEX.FAM.CODE sec.1.101

One reported case is vague about whether the parties married online.

"Husband, a resident of the United States, met Wife, an Ethiopian citizen, on an internet dating site. Wife told Husband she wanted a marital relationship with several children. The two were married in 2007, and began living together in October 2008 after Wife arrived in the United States. Wife claimed Husband abused her, and left him in May 2009 shortly after she received her 'green card.'" Desta v. Anyaoha,371 S.W.3d 596(Tex.App.-Dallas 2012,no pet.)

The Court of Criminal Appeals should take judicial notice that people make contracts everyday online. TEX.R.EVID.201 Witness ebay and Amazon.

Considering due process and due-course-implications of defective instructions to a jury, if the error was a violation of the federal constitution that did not amount to a structural defect, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Jimenez v. State,32 S.W.3d 233,237 hn3(Tex.Crim.App.[en banc]2000)

The Court of Criminal Appeals cannot say that the error was harmless beyond a reasonable doubt. How was the jury to know what constitutes "legally" married if the Judge did not follow 36.14 and tell them?

Jimenez did not object to a charge which told the jurors that he might get good time toward mandatory supervision. Mendoza's complaint is more telling. The judge did not tell the jury what the law was on "legally" married. The state had to prove "not the spouse of the defendant". There was some evidence of marriage. This error was not about punishment and release, as in Jimenez, it was about the proof of a very element of the offense.

The Court of Criminal Appeals should find that the error is not harmless beyond a reasonable doubt. It should remand for a new trial on guilt-innocence.

Due course of law

The Court of Appeals in Jimenez had considered due course of law as well as due process of law.

Due Course and Due Process provide the same level of protection. Fleming v. State,341 S.W.3d 415(Tex.Crim.App.2011)

"[T]his Court and the Texas Supreme Court have interpreted the due course of law provision to provide the same procedural rights and protections as the Due Process Clause..."*Fleming v. State*,341 S.W.3d 415(Tex.Crim.App.2011)(Keasler,J.,concurring)

This Court should consider the arguments above on due process in determining whether Appellant was denied due course of law.

The Court of Criminal Appeals should also consider decisions of other Courts on the violation of due course and of due process by the failure to charge on an element of the offense. *Lawrence, Turner, supra.*

## Due course of law

"There is much at stake and the right of trial by jury contemplates trial by due course of law. See Section 12, Declaration of Rights, Florida Constitution. For that reason we will examine the propriety of the charge as applied to the facts of this case to see whether it correctly states the law of self defense." *Motley v. State*,20 So.2d 798,800 hn2&3(Fla.[Div.A]1945)

Florida's Supreme Court, interpreting its own guaranty of due course of law, identical to Texas' own warranty, decided that failure to instruct correctly on a *defense* required reversal. In Mendoza, the Trial Court harmed the defendant even more by failing to charge on an

element of the offense stated in the statute, pleaded in the indictment, upon which the prosecution had the burden of producing evidence, upon which the prosecution had the burden of proof beyond a reasonable doubt, and upon which it had the burden of obtaining a finding: "not the spouse of the defendant".

The result in Mendoza should be the same as in *Motley*...reversal and remand for a new trial.

## Due process and failure to instruct on an element of the offense

Due process requires that jury instructions define every element of the offense charged, and failure to do so is an error of constitutional magnitude that may be raised for the first time on appeal. *State v. Johnson,* 100 Wash.2d 607, 623, 674 P.2d 145 (1983), overruled on other grounds, *State v. Bergeron,* 105 Wash.2d 1, 711 P.2d 1000 (1985); *State v. Davis,* 27 Wash.App. 498, 506, 618 P.2d 1034 (1980) ("It cannot be said that a defendant had a fair trial ... if the jury might assume that an essential element need not be proven.").

**Failure to define even a commonly used English word may be plain error.**

Failure to define even a commonly used English word may be plain error. **U.S.v.Baird**,134 F.3d 1276(6th Cir.1998)

"In **U.S. v. Bryant**, 461 F.2d 912, 920 (6th Cir.1972), this court stated "[o]rdinarily, it will not suffice merely to read to the jury the statute defining the crime. Even though the language of a statute may expressly contain all the elements of the offense, common English words often will have peculiar legal significance." Even though counsel for Baird did not object to the district court's instructions, the jury's request for further instruction should have alerted the district court and all parties that the jury was considering the wrong issue in the case. If the jury could find that Raven had incurred costs or that Baird honestly believed that Raven had incurred costs in making a contract with Turner Engineering in June, those facts could provide a defense to the charges. In the absence of such instruction, we conclude that the district court committed "plain error" in its failure to define the essential element of the charges against Baird. The various bases for progress payments, whether fulfilled by Raven or not, did not support the convictions, if in fact Raven had "incurred costs."" **U.S.v.Baird**,134 F.3d 1276,1283 hn2(6th Cir.1998)(internal quotation marks unchanged]

"Legally" in the phrase "legally married" is not even a common word, the failure to define which constitutes plain error.

28

The Court of Criminal Appeals should find that the trial court's failure to define the word "legally" in the phrase "legally married" violated the guaranty of due course. TEX.CONST.art.I,secs.13&19 It should remand for a new trial on guilt/innocence.

The Court of Criminal Appeals should find that the trial court's failure to define the word "legally" in the phrase "legally married" violated the guaranty of due process. U.S.CONST.,amend.XIV It should remand for a new trial on guilt/innocence.

5. The instructions to the jury violate the guaranty of due course of law. TEX.CONST.art.I,secs.13& 19 The Trial Judge should have defined "legally" married, since it was Applicant's defensive issue. (Charge on Guilt/Innocence, RR vol.6,p.5,line 10)

Texas interpretation of due course generally is coextensive with those of due process, but may be more expansive. **Heitman v. State**,815 S.W.2d681(1991)

29

Pursuant to Tex. R. App. Proc. 38.1(I), Appellant provides a short conclusion that clearly states the nature of the relief sought:

**CONCLUSION AND REQUEST FOR RELIEF**

The District Court should hold a hearing on those issues material to the confinement of the applicant and then make findings of fact and conclusions of law and a recommendation on the granting of the post-conviction writ of habeas corpus.

For the constitutional errors noted above, it should recommend granting of the writ.

The Court of Criminal Appeals should grant the post-conviction writ of habeas corpus.

Law Office of Larry Warner

Respectfully submitted
March 25, 2015

By:

*[signature: Larry Warner]*

Larry Warner
Attorney for Appellant
3109 Banyan Drive
Harlingen, Texas 78550
Phone 956 230 0361
email: office@larrywarner.com

website: larrywarner.com
State Bar of Tx 20871500;

USDC,SDTX 1230(1981)
Board.Certified.Criminal.Law,
Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)
* * * * * * * * *
CERTIFICATE OF SERVICE
* * * * * * * *

I certify that a true and correct of the above and foregoing document, Applicant's Brief on Application for Post-conviction Writ of Habeas Corpus for Relief from Conviction in Cause the District Court of Bell County was sent Via First Class Mail to: **Hon. Bobby Doyle Odom, Bell County District Attorney's office, P.O. Box 540, Belton, Texas 76513** on March 25, 2015.

Respectfully submitted

By: /s/*Larry Warner*
Larry Warner
Attorney for Appellant

**Certificate of compliance**

I certify that the following word count is correct:

6165 words.

/s/*Larry Warner*
**Larry Warner**
**Attorney for Appellant**

# EXHIBIT "F"

RECEIVED

APR 20 2015

District Attorney
27th District



NIXIE

HENRY 04/15/15

78520100B-1N
RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER

WARNER
3109 BANYAN CIRCLE
BROWNSVILLE TX 78520

8513-0540

# EXHIBIT "G"

## U.S. District Court
### SOUTHERN DISTRICT OF TEXAS (McAllen)
### CRIMINAL DOCKET FOR CASE #: 7:12-cr-00874-5

Case title: USA v. Garcia et al

Date Filed: 06/12/2012
Date Terminated: 09/19/2013

Assigned to: Judge Randy Crane

### Defendant (5)

**Alberto Aguirre**
*TERMINATED: 09/19/2013*
*also known as*
Beto
*TERMINATED: 09/19/2013*

represented by **Reno Houston Gonzalez**
Attorney at Law
900 E San Benito Street
Rio Grande City, TX 78582
956-488-1382
Fax: 956-716-1734
Email: renohg@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Larry Logan Warner , Sr.**
LAW OFFICE OF LARRY WARNER
3109 Banyan Cir
Harlingen, TX 78550
(956) 230-0361
Fax: (956) 408-1968
Email: office@larrywarner.com
*TERMINATED: 02/07/2013*
*Designation: Retained*

**Oscar Vega**
Oscar Vega
Attorney at Law
2415 N. 10th St.
McAllen, TX 78501
956-630-1970
Fax: 956-630-9528
Email: oscarvegalawyer@yahoo.com
*TERMINATED: 01/07/2013*
*Designation: Retained*

## Pending Counts

CONSPIRACY TO DISTRIBUTE
MARIJUANA
(1)

CONSPIRACY TO DISTRIBUTE
NARCOTICS
(1s)

## Disposition

Dismissed on Government's oral motion.

Two-hundred thirty-five months custody of
the Bureau of Prisons, five (5) years
supervised release term and $100 special
assessment.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

MARIJUANA - SELL, DISTRIBUTE, OR
DISPENSE
(3)

NARCOTICS - SELL, DISTRIBUTE, OR
DISPENSE
(3s)

## Disposition

Dismissed on Government's oral motion.

Dismissed on Government's oral motion.

## Highest Offense Level (Terminated)

Felony

## Complaints

None

## Disposition

---

## Plaintiff

**USA**

represented by **Renata A Gowie**
Office of US Attorney
1000 Louisiana
Ste 2300
Houston, TX 77002
713-567-9362
Fax: 713-718-3302
Email: renata.gowie@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax

ATTORNEY TO BE NOTICED
Designation: Retained

**US Pretrial Svcs Mc**
US Pretrial Services
1701 W Bus Hwy 83
Ste 1105
McAllen, TX 78501
956-618-8153
Fax: 956-618-8153
ATTORNEY TO BE NOTICED
Designation: Retained

**US Probation - Mc**
1701 W Bus Hwy 83
Ste 729
McAllen, TX 78501
956-928-8264 fax
Fax: 956-928-8264 fax
ATTORNEY TO BE NOTICED
Designation: Retained

**James Henry Sturgis**
Office of US Attorney
1701 W Hwy 83
Ste 600
McAllen, TX 78501-5159
956-992-9359
Fax: 956-618-8009
Email: james.sturgis@usdoj.gov
ATTORNEY TO BE NOTICED

ENTRY DATED AS FOLLWS:

| 09/19/2013 | Minute Entry for proceedings held before Judge Randy Crane: Sentencing held on 9/19/2013 for Alberto Aguirre (5). The Court denied the motion for continuance and proceeded with sentencing. Counsel approached the bench for conference-SEALED by Order of the Court. [TOL=37, CHC=II, GRS-235-293 months] Sentence Count(s) 1s: Two-hundred thirty-five months custody of the Bureau of Prisons, five (5) years supervised release term and $100 special assessment. The Court recommended an institution where he can be placed in a drug abuse treatment program and placement closest to his family. The Court advised the defendant of his right to appeal. Count(s) 1, 3, 3s: Dismissed on Government's oral motion., Alberto Aguirre terminated. The Court also addressed the issue of attorney fees as to Attorney Warner and the Court ordered that Attorney Warnder refund $2,000 to the defendant. Counsel should advise the Clerk if a order from the Court is necessary. Appearances: James H. Sturgis, AUSA; Reno H. Gonzalez, Ret; R. Gonzalez, US Probation-Mc. (ERO: Ricardo Rodriguez [10:14-10:26]) (Interpreter: Elena Medrano-not used) Deft remanded to custody of the Marshal., filed.(lcervantes,7) (Entered: 10/01/2013) |
|---|---|

In the United States District Court

for the Southern District of Texas

McAllen Division


No. M-12-0874-81


United States of America v. Alberto Aguirre, et al.


Motion to Withdraw as Counsel


Mr. Warner moves to withdraw as counsel.

Client has made it unreasonably difficult for counsel to represent him.  Counsel and Ausa Sturgis met face-to-face with client and agreed client would waive motion to reduce bail and that in return government would leave open offer in return for plea as charged government would seek not to prefer enhanced indictment based on client's prior federal felony, subject to approval of Ausa's superiors.

This avoids raising the minimum from 10 to 20 years mandatory.

Client, having made an agreement, now seeks to renounce the agreement, against counsel's advice. Client's reneging on the agreement ends all negotiations with the government and makes certain an enhanced indictment.


Conclusion and request for relief


The District Court should allow counsel to withdraw.

LAW OFFICE OF LARRY WARNER

RESPECTFULLY SUBMITTED
January 31, 2013

By:

**/s/ Larry Warner**
Larry Warner
Counsel for ALBERTO AGUIRRE
2945 Jacaranda
Harlingen Texas 78550
Phone (956)454-4994
office@larrywarner.com
www.larrywarner.com
Texas Bar#20871500;USDC,SDTX 1230;
Board Certified, Criminal Law,
Texas      Board      of Legal
Specialization(1983)

Certificate of Service
and Conference

I will cause a copy of this to be delivered electronically to Atty. Terry Leonard this morning, as Mr. Sturgis is out of the country.

I have not yet talked to Mr. Leonard about this motion, nor to Mr. Sturgis. I will do that and file a supplemental certificate, with the Court's leave.

LAW OFFICE OF LARRY WARNER
RESPECTFULLY SUBMITTED
January 31, 2013

By:

**/s/ Larry Warner**
Larry Warner
Counsel for ALBERTO AGUIRRE
2945 Jacaranda
Harlingen Texas 78550
Phone (956) 454-4994
office@larrywarner.com
www.larrywarner.com
Texas Bar#20871500;USDC,SDTX 1230;
Board Certified, Criminal Law,
Texas Board of Legal
Specialization(1983)

In the United States District Court

for the Southern District of Texas

McAllen Division

United States of America v. Alberto Aguirre

No. 7:12-cr-00874-5

**Motion to Excercise Ancillary Jurisdiction and to Determine Amount of Fee Earned**

1. On January 31, 2013 the District Court noted that it had ancillary jurisdiction to determine the amount of a fee earned, and consequently the amount of any reimbursement.

2. The Court granted Mr. Warner leave to withdraw as counsel for defendant, of which it will please take judicial notice. FED.R.EVID.201 A "court can properly take judicial notice of pertinent data revealed by its own records relative to prior proceedings between the same parties. 9 Wigmore, Evidence, § 2579, p. 570 (3d ed., 1940)." **Bander v. U.S.**,161Ct.Cl.475,478-479 hn1(1963)

3. On January 3, 2013 defendant's family paid Mr. Warner $11,000, the balance of a $12,000 fee he had quoted. He deposited the funds in his trust account at the Texas Regional Bank.

4. Mr. Warner states: "I keep contemporaneous records of my work. Those records are made at or near the time that the work is done. I do the work and I make the notes of the work done, so the records are made by one with knowledge of the event. I am the custodian of those records. The records which follow are true

copies of the originals."

5.

AGUIRRE ALBERTO

11 10 12

Client COMES IN.

INTERVIEW.

CONTRACT.

November 11, 2012

WIFE CALLS.

NEEDS TILL TUESDAY TO PAY.

LW : OK

***

LW CALLS EMILIO AND FALCON TO TRY TO FIND OUT IF FEDS
ARE LOOKING FOR CLIENT.

Lw hires those investigators to find out.

EMILIO: WHY ARE FEDS TAKING THIS CASE?

NOT ON ONE CAR!

LW: NOT ON TEN CARS. .7

\*\*\*

November 13, 2012

Lw calls Ausa Terry Leonard in McAllen re client wants to turn self in. Left voicemail. 956 618 8010

.2

Lw conf w Ausa Leonard, who calls lw. Ausa tells lw to tell client to turn self in.

.2

Client does not return.

\*\*\*

Jan 2013

1 3 13

Review indictment w client.


Visit client at East Hidalgo Detention Facility. Discuss facts and law of case.

Lw explains procedure, rights.  Lw explains charge, elements of offense. Purpose of bail hearing. Witnesses.  Prior reporting while awaiting trial, turned self in to Beaumont FCI after trial.

2.5


1 3 13


Researched bail, Bail Reform Act. Prepared Memorandum in Support of Bail.

2.1

1 4 13

Filed Memorandum; noted filing.

Reviewed statutes relating to drug possession and conspiracy. 18 USC 2 et al.

Reviewed Category II, level 36 for <10,000.

Reviewed Category II, level 38 for more.

1.1

Represent client at Hearing on Bail, Detention. Review matter with Assistant USA Sturgis and Ausa Leonard and pretrial services Juan Perez. Represent client at bail hearing. Obtained $200,000 bail, $20,000 cash and $180,000 surety.

Reviewed matter with pretrial services, Juan Perez at US Courthouse. Went with Ausa Sturgis as Ausa Sturgis outlined proof to client.

Discussed proof w Ausa Sturgis.

Reviewed proof with client at East Hidalgo as above. Noted names redacted.

12.1

(8 am to 8 pm)

Made appointment to review evidence.

.2

Returned to review evidence, atty. Sturgis not in.

2.1

Returned to review evidence, atty. Sturgis not in.

2.1

Returned to review evidence, atty. Sturgis not in.

2.1

Jan.24, 2013

Filed motion to continue final pretrial.

Reviewed evidence in detail. Discussed evidence with Atty Sturgis. Discussed enhancement. Noted names redacted. Determined some had pleaded. Discussed how government would prove case. Noted date of client's prior incarceration, supervised release. Discussed prospect of no enhancement.

5.1

January 29, 2013

Discussed motion to reduce bail with family. Client's family wanted to go forward with $15,000. Urged $20,000 at least, perhaps less surety. Prepared and filed motion. Obtained hearing to be had on 1 30 13 at 3 pm. Notified family , asked family to bring cashier's

checks and witnesses.

3.1

Conf. W Ausa Sturgis re review of evidence, resolution. Postponed meeting with family. Went to Ausa's office. Again reviewed evidence with Ausa Sturgis. Discussed bail matter and final pretrial with attorney Sturgis. Noted government opposed to lowering bail. Noted government would appeal to District Court if Magistrate lowered bail. Noted govt not opposed to continuance of final pretrial. Filed motion for continuance of final pretrial.

Conf. Atty Sturgis. SDTX policy, file enhancement if prior felony. Exception: perhaps not if state felony, since difficulties in proof might arise. Generally: Federal felony, enhance. Noted w ausa Sturgis, d got off supervised release in 2007 and instant offense began in 2009.

Discussed discretion.

Offer: If D pleads to indictment instant, then Atty Sturgis will try no enhancement, but his superiors may not agree. If no enhanced indictment then d agrees to be sentenced at upper end of guidelines. In this case, over 10000 kilos of mj. Early plea .

Prior federal felony. Category II, level 36, down 3. 158 month up, if , IF no enhancement.  IF enhancement, then add 60 months.

Met with client at East Hidalgo, Client does not want any written material. Determined to write down information and offer and show it to client.

Coordinated bail matter. Sent email to client's wife. Asked that all witnesses at first hearing come tomorrow at 3pm. Prepared for hearing .  Got ready to represent client at bail hearing.

12.1

(8 am -8pm)

January 30, 2013

Conf. W Atty Sturgis at 745 am. Noted on way to fed courthouse, that lw would tell d to take offer. Notified ausa Sturgis re communication of offer.

Went to fed courthouse. Met with Ausa Sturgis.  Noted prospect of resolution.

Met with client. Told client of offer. Recommended offer to avoid enhanced indictment. Noted Ausa opposed to reduction of bail. Noted negotiations would end if client proceeded with motion to reduce bail. Client asked to speak to Atty. Sturgis. Asked Atty. Sturgis to meet with client. Met with client and Atty. Sturgis. Ausa Sturgis explained options, prospect of no enhanced indictment. If enhanced, then minimum up from 10 to 20 years. Client decides not to pursue lowering of bail, instead try to make instated bail, continue negotiations with Ausa. Noted final pt to be postponed, Atty Sturgis to return after Feb. 16, 2013.

Went with Atty. Sturgis to Magistrate's Court. Told coordinator we wanted to abandon present motion to lower bail. Got lw secretary to file motion to withdraw motion to lower bail.

Explained to family and witnesses postponement of motion to lower bail. Noted goal, avoid enhanced indictment. Thanked witnesses. Noted some chance of posting additional security. Client's wife to send lw plat of proposed security.

Conf. W Ludi Cervantes of District Court re time and date of final pretrial and postponement of final pretrial now set for Friday,

Feb. 1, 2013. Judge grants request, sets motion for continuance for Thursday, Jan. 31, 2013 at 9 am.

Went to District Clerk's office to pick up copy of letter sent by client's wife to Judge Crane.

Answered call from client's wife 7 pm. re bail.

11.1

(8am-7pm)

January 31, 2013

Attended court again on motion for continuance of final pretrial. Obtained postponement of final pretrial.

2.1

6. The following research, not involving books, is included in the above.

Document View

U.S. v. Thibodeaux

C.A.5 (La.) November 25, 1981663 F.2d 520 01/31/2013 7:23 PM ALBERTO AGUIRRE

Document View


U.S. v. Thibodeaux

C.A.5 (La.) November 25, 1981663 F.2d 520 01/27/2013 9:55 PM ALBERTO AGUIRRE

Filter Magistrate-Judge has discretion to reconsider the order on bail. (62)

Content: Cases

Jurisdiction: All Federal 01/27/2013 9:55 PM ALBERTO AGUIRRE

Search Magistrate-Judge has discretion to reconsider the order on bail. (15)

Content: Overview

Jurisdiction: All Federal 01/27/2013 9:52 PM ALBERTO AGUIRRE

Search Magistrate-Judge has discretion to reconsider the order on bail. (15)

Content: Overview

Jurisdiction: All Federal 01/27/2013 9:39 PM ALBERTO AGUIRRE


Document View


U.S. v. Byrd

C.A.5 (La.)August 07, 1992969 F.2d 106 01/06/2013 10:53 PM ALBERTO AGUIRRE

Document View

U.S. v. Olis

C.A.5 (Tex.)May 22, 2006450 F.3d 583 01/06/2013 10:49 PM ALBERTO AGUIRRE

Search sy,DI(den! /5 bail) & SY(revers! remand!) & da(aft 01/01/1984) (10)

Content: Cases

Jurisdiction: 5th Circuit 01/06/2013 10:48 PM ALBERTO AGUIRRE

Document View

U.S. v. Limon-Casas

C.A.5 (Tex.)September 24, 199696 F.3d 779 01/06/2013 10:37 PM ALBERTO AGUIRRE

Filter sy,DI(den! /5 bail) & SY(revers! remand) & da(aft 01/01/1984) (10)

Content: Cases

Jurisdiction: 5th Circuit 01/06/2013 10:25 PM ALBERTO AGUIRRE

Search sy,DI(den! /5 bail) & SY(revers! remand!) & da(aft 01/01/1984) (4)

Content: Overview

Jurisdiction: 5th Circuit 01/06/2013 10:25 PM ALBERTO AGUIRRE

Search denial /S BAIL & SY,DI(REVERSED REMANDED) (3)

Content: Overview

Jurisdiction: 5th Circuit 01/06/2013 10:15 PM ALBERTO AGUIRRE

Search DENAIL /S BAIL & SY,DI(REVERSED REMANDED) (0)

Content: Overview

Jurisdiction: 5th Circuit 01/06/2013 10:14 PM ALBERTO AGUIRRE

Related Information Notes of Decisions

§ 3141. Release and detention authority generally

18 USCA § 3141 01/06/2013 9:32 PM ALBERTO AGUIRRE

Document View


§ 3141. Release and detention authority generally

18 USCA § 3141 01/06/2013 9:30 PM ALBERTO AGUIRRE

Document View


Bail Reform Act of 1984

Bail Reform Act of 1984 01/06/2013 9:10 PM ALBERTO AGUIRRE

Document View


§ 3062. General arrest authority for violation of release
conditions

18 USCA § 3062 01/06/2013 9:10 PM ALBERTO AGUIRRE

Document View

Bail Reform Act of 1984

Bail Reform Act of 1984 01/06/2013 9:09 PM ALBERTO AGUIRRE

Search BAIL REFORM ACT & controlled (51)

Content: Statutes & Court Rules

Jurisdiction: All Federal 01/06/2013 9:07 PM ALBERTO AGUIRRE

Search BAIL REFORM ACT (145)

Content: Statutes & Court Rules

Jurisdiction: All Federal 01/06/2013 9:03 PM ALBERTO AGUIRRE

KeyCite Validity

§ 3142. Release or detention of a defendant pending trial

18 USCA § 3142 01/06/2013 9:02 PM ALBERTO AGUIRRE

Search BAIL REFORM ACT (145)

Content: Statutes & Court Rules

Jurisdiction: All Federal 01/06/2013 8:59 PM ALBERTO AGUIRRE

Search BAIL REFORM ACT (145)

Content: Statutes & Court Rules

Jurisdiction: All Federal 01/03/2013 7:02 PM ALBERTO AGUIRRE

7. I actually and necessarily spent 60.7 hours working on Alberto Aguirre's case. I included 40 minutes travel one-way on days I went to the courthouse in McAllen. I included 25 minutes travel one-way on the each of the three trips to the East Hidalgo Detention Facility near La Villa, Tx.

Two years ago I represented a political district on a motion

to quash a subpoena in the District Court in Brownsville. The state law conflicted with the federal subpoena. I charged $175 per hour and was paid that.

Board Certified Criminal Lawyers with 39 years experience dealing with a mandatory minimum of ten years, perhaps twenty years, in a federal drug case involving over 10,000 kilos of marijuana, and perhaps over 30,000 kilos of marijuana, would charge at least $250 per hour in this area.

When I have represented people in federal court to present a Motion to Vacate Sentence in matters in which death had been imposed in a state proceeding, I have been paid $175 per hour. That has been five years ago.

In state court, I have recently been paid $200 per hour in such cases. I am Capital Appellate Counsel for the Fifth Administrative Judicial Region of Texas. Work for that entity pays $200 per hour. One example is Melissa Elizabeth Lucio, whom I have and am representing in the Court of Criminal Appeals of Texas, The Court of Appeals for the Thirteenth District of Texas, and the United States District Court for the Western District of Texas, Austin Division.

Conclusion and request for relief

The Court should exercise its ancillary jurisdiction and should determine a reasonable fee. Funds advanced by defendant's

family remain in counsel's trust account.

February 1, 2013
Respectfully submitted,
Larry Warner,

**/S/ LARRY WARNER**
Counsel for Respondent
3109 Banyan Circle
Harlingen, Tx 78550
Phone (956)454 4994; 956 230 0361
Tex.State Bar# 20871500
Usdc,Stdx# 1230
office@larrywarner.com
website: larrywarner.com
Member, Bar of the Supreme
Court of the United
States(1984)
Board Certified, Criminal Law
Texas    Board    of    Legal
Specialization(1983)

In the United States District Court
for the Southern District of Texas
McAllen Division

United States of America v. Alberto Aguirre

No. 7:12-cr-00874-5

## Excercise of Ancillary Jurisdiction and Determination of Amount of Fee Earned

The District Court allows _____ hours as appropriate in the foregoing matter.

The District Court considers that an hourly rate of $_____ is fair.

The District Court determines, consequently that an appropriate fee is:

$_____.

DONE at McAllen this ___ day of February, 2013.

Randy Crane,
UNITED STATES DISTRICT JUDGE

Memorandum re ancillary jurisdiction

" Private Counsel filed a motion for approval of attorney's fees, asking the Court to determine the amount of fees that were reasonable under the circumstances. ***When a federal district court reserves its power to enforce a settlement, a breach of the agreement is a violation of the order, conferring on the court ancillary jurisdiction. See Kokkonen v. Guardian Life Insur. Co. of America, 511 U.S. 375, 380, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). In Kokkonen, the Supreme Court recognized that a district court's explicit retention of jurisdiction over a settlement agreement, or its incorporation of that agreement into its final order, satisfies any jurisdictional concerns. See id. A breach of a settlement agreement in violation of a court order provides a court with ancillary jurisdiction. See id. The exercise of ancillary jurisdiction in these situations makes sense. The district court is in the best position to interpret its own orders and related issues. See In re VMS Securities Litigation, 103 F.3d 1317, 1321-22 (7th Cir.1996); Hastert v. Illinois State Bd. of Election Comm'rs, 28 F.3d 1430, 1438 (7th Cir.1993), cert. denied, 513 U.S. 964, 115 S.Ct. 426, 130 L.Ed.2d 340 (1994)." **In re Fraser,** 75 F.Supp.2d572,576 hn5(E.D.Tex.[Texarkana Div.]1999)

February 1, 2013
Respectfully submitted,
Larry Warner,

**/S/ LARRY WARNER**
Counsel for Respondent
3109 Banyan Circle
Harlingen,Tx 78550
Phone (956)454 4994; 956 230 0361
Tex.State Bar# 20871500
Usdc,Stdx# 1230
office@larrywarner.com
website: larrywarner.com
Member, Bar of the Supreme
Court of the United
States(1984)
Board Certified, Criminal Law
Texas     Board     of     Legal
Specialization(1983)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNITED STATES OF AMERICA     §
                                  §
VS.                                §    CRIMINAL ACTION NO. 7:12-CR-874-5
                                  §
ALBERTO AGUIRRE; aka BETO     §

## ORDER GRANTING SUBSTITUTION

Came on to be considered Defendant Alberto Aguirre's Motion for Substitution of Counsel, and after considering the same, the Court is of the opinion that the motion should be granted.

It is therefore ORDERED that the Motion for Substitution of Counsel is hereby GRANTED, and Attorney Reno H. Gonzalez is substituted for Attorney Larry L. Warner.

SO ORDERED this 7th day of February, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNITED STATES OF AMERICA                §
                                        §
VS.                                     §        Criminal No. 7:12-CR-00874-5
                                        §
ALBERTO AGUIRRE                         §
                                        §

<u>O R D E R SETTING HEARING ON MOTION TO EXERCISE ANCILLARY
JURISDICTION AND TO DETERMINE AMOUNT OF FEE EARNED</u>

On this the _____ day of _____, 2013 came to be heard

Defendant's **ORDER SETTING HEARING ON MOTION TO EXERCISE ANCILLARY**

**JURISDICTION AND TO DETRMINE AMOUNT OF FEE EARNED**. The Court after

careful consideration hereby **GRANTS** _____ / **DENIES** _____ said motion and

hereby resets same for the _____ day of _____, 2013.

_____

_____

**JUDGE PRESIDING**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 7:12-CR-874-5 |
| | § |
| ALBERTO AGUIRRE; aka BETO | § |

### AMENDED ORDER ON MOTION TO DETERMINE APPROPRIATE ATTORNEY FEE AS TO ATTORNEY LARRY WARNER

Came on to be considered Motion to Exercise Ancillary Jurisdiction and to Determine Amount of Fee Earned (Doc. 194) and Defendant Aguirre's Motion to Determine Appropriate Fee as to Attorney Larry Warner (Doc. 283), and for good cause shown, said motion is hereby GRANTED. The Court has considered the fee quoted by Mr. Warner, the amount of work performed and the remaining amount of work necessary to complete the representation and has determined that a portion of the fee paid by Defendant should be returned as having not yet been earned at the time Mr. Warner ceased his representation. Accordingly, the Court hereby ORDERS Attorney Larry Warner to return to Defendant two thousand dollars ($2,000.00) as follows:

(a). One thousand dollars ($1,000.00) made payable to Attorney Reno H. Gonzalez., 900 E. San Benito St., Rio Grande City, Texas 78582

(b). One thousand dollars ($1,000.00) made payable to Lou Anna Aguirre, 509 S. Milanos, Weslaco, Texas 78596.

SO ORDERED this 18th day of October, 2013, at McAllen, Texas.

Randy Crane
United States District Judge